**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RATHBONE L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-1370-HE |
| | ) | |
| XTO ENERGY, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Rathbone L.L.C. filed this shareholders' derivative action against XTO Energy, Inc. ("XTO") and its officers and directors based on XTO's tax payments to the State of Arkansas in conjunction with its drilling operations in that state. Defendants filed a motion to dismiss asserting that venue is improper and the complaint is inadequately pleaded. Plaintiff responded, requesting leave to conduct discovery on the venue issue. The court granted plaintiff's request and, as the parties have now filed supplement briefs on the question, the motion is at issue.[1]

As defendants do not reside in this state and there is another district in which the action may be brought, venue is appropriate in this case if "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district or XTO could have

---

[1]*In his supplemental brief, plaintiff asserts that defense counsel objected to producing any witness from XTO's Oklahoma City office to testify regarding the venue issue. While he could have, plaintiff did not seek assistance from the court in this regard.*

sued the same defendants here.[2]  28 U.S.C. §§ 1391, 1401.[3]  Plaintiff has the burden of establishing that venue is proper in the forum district. Prakash v. Clinton, __ F.Supp.2d ___, ___, 2010 WL 668816, at *3 (S.D.N.Y. 2010).[4]  The court concludes plaintiff has not met his burden here.

Plaintiff contends venue is proper in Oklahoma because XTO's Oklahoma City office (1) manages its Arkansas oil and gas properties, (2) obtained reference materials on Arkansas sales taxes and disseminated that information to XTO's other offices,[5] (3) has discretion to pay Arkansas sales tax on all invoices of $50,000 or less and (4) has authorized the payment of such taxes. Defendants respond that because this is a shareholders' suit, the corporation's conduct is not in issue. They contend that because plaintiff has sued XTO's officers and

---

[2]Although the plaintiff does not discuss whether XTO could have sued the officers and directors in this judicial district, the conclusion that the material events took place elsewhere forecloses his reliance on that basis for venue.

[3]Venue may be based on either statute. 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1825 at 35-36 (3d ed.2007).

[4]The federal courts are split on the question of which party bears the burden of proof on a motion to dismiss for improper venue. The Tenth Circuit apparently has not addressed the issue. According to Professors Wright and Miller, imposing the burden of establishing that venue is proper on the plaintiff "seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 at 321-22 (3d ed.2004).

[5]In 2002, three auditors from the State of Arkansas put on a seminar regarding oil and gas taxability issues, which representatives from XTO's Oklahoma City and Ft. Worth offices attended. During the seminar the XTO employees asked one of the auditors for a quick reference aid. The decision that someone from XTO's Oklahoma City office would follow up on that request was, according to David Schroeder, XTO's Senior Accounting Director, inconsequential. Plaintiff's Exhibits F, G (Plaintiff's F and G are the same deposition pages).

directors, the focus must be on their conduct.[6]

Assuming, however, that events that took place in Oklahoma have at least some pertinence to the venue issue,[7] plaintiff has not shown that venue is proper here. Essentially all he has established is that XTO's Oklahoma City office can approve invoices of $50,000 or less for payment.[8] However, those approvals are based on information provided by the XTO's Ft. Worth office, which "made the decisions on the taxability of transactions, and ... furnished the information to the Oklahoma City department so that they could use that while they were processing the large number of invoices that they have going through that office." Plaintiff's Exhibits B-D. The invoices are sent from the Oklahoma City office to Fort Worth for payment,[9] and a sales tax group in Ft. Worth conducts an after-the-fact (post-payment) review of invoices to determine whether additional sales and use taxes need to be paid or refunds sought.

The extent of this state's connection with plaintiff's claims is that the tax refunds plaintiff alleges the defendants failed to seek include monies paid on invoices approved in Oklahoma according to guidelines provided by XTO's Texas office. As defendants note,

---

[6]*Plaintiff alleges in the complaint that XTO's officers and directors all reside in Texas. Complaint, ¶¶ 4-15.*

[7]*"[T]here can be more than one district in which a substantial part of the events giving rise to the claim occurred." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3806.1 at 201 (3d ed. 2007).*

[8]*Mr. Schroeder testified that XTO had acquired the Arkansas properties in 1999. While the approval limit was initially set at $25,000, it was increased to $50,000 and, after the installation of certain sales tax software in 2008, it was increased to $100,000.*

[9]*David Schroeder testified that the checks were mailed either from Ft. Worth or Minnesota. Defendants' Exhibit A, p. 79.*

there is no allegation that any officer or director did or failed to do anything in this district. There is, however, evidence that XTO's Ft. Worth office sought refunds from the State of Arkansas based on the letter ruling that forms the basis for plaintiff's claims. Defendants' Exhibit A, p. 86.

Contrary to plaintiff's assertion, the record does not reflect that XTO's Oklahoma City office exercised "substantial discretion" to pay Arkansas sales taxes. It also does not reflect that a substantial part of the acts or omissions underlying plaintiff's claims took place in this judicial district. Accordingly, as venue is not proper, defendants' motion [Doc. #11] is **GRANTED**[10] and this action is **DISMISSED** without **PREJUDICE**.[11]

**IT IS SO ORDERED**.

Dated this 9th day of March, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[10] *Because the court has concluded venue is not proper, it has not addressed defendants' other grounds for dismissal.*

[11] *Plaintiff asked in his initial response that, if venue is not proper in this district, the case be transferred to "a proper venue based on the information discovered." Plaintiff's response, p. 5. As he did not renew that request in his supplemental brief or specify a transferee court, the court finds the case should be dismissed, rather than transferred.*